**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-2386**

JEREMIAH HENDERSON,

       Plaintiff - Appellant,

   v.

CITY OF ROANOKE, VIRGINIA,

       Defendant - Appellee.

Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Thomas T. Cullen, District Judge. (7:20-cv-00281-TTC)

Argued: January 26, 2022                     Decided: March 9, 2022

Before MOTZ, THACKER and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Gary M. Bowman, Roanoke, Virginia, for Appellant. Timothy Ross Spencer, OFFICE OF THE CITY ATTORNEY FOR THE CITY OF ROANOKE, Roanoke, Virginia, for Appellee. **ON BRIEF:** Douglas P. Barber, Jr., OFFICE OF THE CITY ATTORNEY FOR THE CITY OF ROANOKE, Roanoke, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jeremiah Henderson ("Appellant") filed this lawsuit against the City of Roanoke ("Appellee") pursuant to 42 U.S.C. § 1983, alleging that Appellee barred him from a local Walmart store (the "Valley View Walmart") without due process of law in violation of the Fourteenth Amendment. Appellant contends that Appellee permitted members of its police department to bar him from the Valley View Walmart without complying with the procedures required by state and local law. The district court dismissed the complaint for failure to state a claim, reasoning that the Virginia state statute that Appellant contends Appellee violated does not create a protected liberty interest. On appeal, Appellant argues that even if the state statute does not create a protected liberty interest, the complaint alleged that Appellee's actions violated his right to "free movement" under the United States Constitution.

Because we conclude that Appellant based his complaint solely on Appellee's alleged violation of state and local statutes that do not create a protected liberty interest, we affirm the district court's dismissal of this action.

I.

On May 15, 2020, Appellant filed this lawsuit in the district court, alleging that Appellee lacked the authority to bar him from the Valley View Walmart. We accept as true all of the factual allegations contained in the amended complaint. *Carey v. Throwe*, 957 F.3d 468, 484 (4th Cir. 2020). For the purposes of this appeal, we assume familiarity with the facts previously set forth in *Henderson v. McClain*, No. 20-2197 (4th Cir. Feb. 21,

2022), ECF No. 42. We briefly reiterate those facts, with a few elaborations as relevant to our analysis.

In October 2018, after a minor altercation between Appellant and several employees at the Valley View Walmart, a store manager told a City of Roanoke police officer, Austin McClain ("Officer McClain"), that he wanted Appellant barred from the store. Thereafter, Officer McClain, who witnessed part of the altercation, executed a "trespass bar letter" against Appellant. Officer McClain provided Appellant a copy of the letter, which warned Appellant that his "continued or subsequent presence on the premises [would] subject [him] to arrest for trespassing as authorized by the code of Virginia and Code of the City of Roanoke." J.A. 82.[1]

Virginia Code § 15.2-1717.1 authorizes localities to establish, by ordinance, "a procedure whereby the owner, lessee, custodian, or person lawfully in charge . . . of real property may designate the local law-enforcement agency as a 'person lawfully in charge of the property' for the purpose of forbidding another to go or remain upon the lands, buildings or premises . . . ." Va. Code § 15.2-1717.1. The ordinance "shall require that any such designation be in writing and on file with the local law-enforcement agency." *Id.* Pursuant to this authority, Appellee adopted Roanoke City Code § 21-32(b), the mechanism for the so-called "trespass bar letter." In 2018, when Appellee issued the letter, the provision provided:

> **Any owner of real property** may, in writing on a form prescribed by the chief of police, designate the police

---

[1] Citations to the "J.A." refer to the Joint Appendix filed by the parties in this appeal.

3

department as a person lawfully in charge thereof . . . for the purpose of forbidding another to go or remain upon the lands, buildings or premises of such owner. Such designation shall . . . be kept on file in the office of the chief of police or in such other location within the police department as the chief of police deems appropriate.

*Henderson v. City of Roanoke*, 504 F. Supp. 3d 530, 535 (W.D. Va. 2020) (quoting Roanoke, VA., Code § 21-32(b) (emphasis supplied)).[2]

It is undisputed that the Roanoke Chief of Police has a form on file that purports to designate the police department as the "person lawfully in charge of" the Valley View Walmart. But Appellant contends that this form is defective because the Valley View Walmart is owned by "Wal-Mart Business Real Estate Trust," and the "Company or Business Name" identified on the form is "Wal-Mart," a separate corporate entity. According to Appellant, this discrepancy demonstrates that the owner of the Valley View Walmart "has never authorized the Roanoke Police Department to act as its trespass bar agent." J.A. 55. Appellant further theorizes that without such authorization, the issuance of a trespass bar letter violated his right to due process because he has "a liberty interest, **created by Va. Code § 15.2-1717.1**, in not being prohibited by police officers from being at or returning to the premises at 4807 Valley View Boulevard unless the procedural due process requirements of Va. Code § 15.2-1717.1 have been satisfied." *Id.* at 63 (emphasis supplied).

---

[2] The provision was amended on December 21, 2020. Now, in addition to the owner, "a lessee, custodian, or person lawfully in charge of real property" has designation authority.

Upon motion from Appellee, the district court dismissed the complaint for failure to state a claim. The court emphasized that rather than alleging "that the Constitution independently invalidates the actions of the Roanoke police," Appellant argued "simply that the Roanoke Police failed to adhere to what [Appellant] believes are mandatory procedures in the Trespass Bar statutes, and that this failure rises to the level of a constitutional tort." *Henderson*, 504 F. Supp. 3d at 536. The district court then reasoned that dismissal was required because, per Supreme Court precedent, the trespass bar statutes do not create a protected liberty interest. Accordingly, the district court entered judgment for Appellee.

Appellant timely appealed.

## II.

We review a district court's grant of a motion to dismiss de novo. *Robertson v. Anderson Mill Elem. Sch.*, 989 F.3d 282, 287 (4th Cir. 2021). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

## III.

Appellant raises a procedural due process claim. "Procedural due process claims require showing that the government violated constitutionally protected liberty interests."

5

*Elhady v. Kable*, 993 F.3d 208, 213 (4th Cir. 2021). "A liberty interest may arise from the Constitution itself or from an expectation or interest created by state laws or policies." *Burnette v. Fahey*, 687 F.3d 171, 181 (4th Cir. 2012) (internal quotation marks omitted).

State law or policy must provide a *substantive* expectation or interest to create a liberty interest -- the "expectation of receiving *process* is not, without more, a liberty interest protected by the Due Process Clause." *Olim v. Wakinekona*, 461 U.S. 238, 250 n.12 (1983) (emphasis supplied); *see also Hill v. Jackson*, 64 F.3d 163, 170–71 (4th Cir. 1995). A state-created liberty interest arises when a statute places "substantive limitations on official discretion" through "particularized standards or criteria." *Olim*, 461 U.S. at 249 (internal quotation marks omitted). "[T]he use of explicitly mandatory language, in connection with the establishment of specified substantive predicates to limit discretion, forces a conclusion that the State has created a liberty interest." *Forrester v. Bass*, 397 F.3d 1047, 1055 (8th Cir. 2005) (internal quotation marks omitted); *see also Stewart v. Bailey*, 7 F.3d 384, 392 (4th Cir. 1993) ("[T]he regulation must create substantive predicates to guide the decisionmaker's discretion, such as specific directives to the decisionmaker that if the regulations' substantive predicates are present, a particular outcome must follow." (internal quotation marks omitted)).

Virginia Code § 15.2-1717.1 does not create a constitutionally protected liberty interest. The statute merely outlines *procedural* requirements that localities, like Appellee, must follow *if* they exercise their *discretionary* authority to permit landowners to designate local law enforcement as trespass agents. Specifically, it provides that the "ordinance shall require that any such designation be in writing and on file with the local law-enforcement

6

agency." Va. Code § 15.2-1717.1. It does not limit, through *mandatory substantive predicates*, a police officer's discretion in determining whether to bar someone from private property. The statute does not, for example, provide that if an ordinance is enacted by a locality, like Appellee, and a written designation is on file -- both of which are procedural requirements -- an officer may ban an individual from private property *if* the individual refuses to leave or causes a disturbance. *See Berrier v. Allen*, 951 F.2d 622, 625 (4th Cir. 1991) (holding that substantive predicates are "limitations on the circumstances" under which officials may exercise their authority).

In the absence of mandatory substantive predicates, "the particular substantive outcome in each case [is left] to the sound discretion of trained . . . law enforcement officers." *Forrester*, 397 F.3d at 1056. And where, as here, "an administrative process does not require specific substantive outcomes, but merely *authorizes and directs* particular actions and remedies, the administrative process does not create 'entitlements' subject to constitutional protections under the Fourteenth Amendment." *Id.* (emphasis in original). The district court thus correctly held that Virginia Code § 15.2-1717.1 does not create a liberty interest that the Due Process Clause protects. Roanoke City Code § 21-32(b) does not create a protected liberty interest for the same reasons. Accordingly, even assuming that the form designating the Roanoke Police Department as the trespass agent for the Valley View Walmart is defective, as Appellant alleges, the complaint fails to state a claim for relief.

Appellant argues that dismissal is nonetheless inappropriate because the "source of [his] federal constitution-protected liberty interest is the right and privilege of free

7

movement American colonists enjoyed when the federal Constitution was adopted." Appellant's Reply Br. at 3. In essence, the crux of Appellant's argument is that because this is a civil rights case, this court must overlook the fact that the operative complaint unambiguously alleges that the liberty interest Appellee allegedly violated was "**created by Va. Code § 15.2-1717.1**." J.A. 63 (emphasis supplied). However, although we are "especially solicitous of the wrongs alleged" in a civil rights complaint, *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999), no litigant is exempt from the well-established rule "that parties cannot amend their complaints through briefing or oral advocacy." *S. Walk at Broadlands Homeowner's Ass'n v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013).

IV.

For the foregoing reasons, the judgment of the district court is

*AFFIRMED.*